FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

LARRY JOHNSON,

         Defendant.

11-CR-350

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by or is outside the range of the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v.*

1

*Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 17, 2011, Larry Johnson pled guilty to Count Two of a two-count indictment. That count charged that in April 2010, within the Eastern District of New York and elsewhere, Johnson, together with others, knowingly and intentionally used and carried a firearm during and in relation to a crime of violence, that the firearm was knowingly and intentionally possessed in furtherance of the crime, and that the firearm was brandished, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Johnson was sentenced on November 28, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds defendant's criminal history category to be category V. The offense to which defendant pled guilty carries a mandatory minimum sentence of seven years and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(ii). The maximum fine for the offense is $250,000. 18 U.S.C. § 3571(b)(3). The maximum term of supervised release is five years. *See* 18 U.S.C. § 3583(b)(1).

Johnson was sentenced to seven years of incarceration and to five years of supervised release. No fine was ordered. A special assessment of $100 was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense is an extremely serious one. He has a long history of involvement in crimes petty and serious, has numerous state-court convictions for crimes against property and drug offenses, and has a history of abusing illegal drugs. He has been incarcerated numerous times since his early twenties. Defendant is 32 years old, has no history of employment, and has demonstrated little interest in leading a law-abiding life. He was raised primarily by his maternal grandmother; his father was incarcerated during his childhood and his mother was chronically ill. He did not suffer from any form of abuse as a child, and he attended high school, but did not graduate. Defendant has four half-siblings, with whom he is close. He is the father of a child from a prior romantic relationship, but does not have contact with his son. He has been involved in a romantic relationship for some time. His present girlfriend is supportive of him, despite his arrest for the instant offense.

The statutory minimum sentence, seven years' imprisonment, in conjunction with the supervised release described above, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: general and specific deterrence. General deterrence is effectuated by term of imprisonment imposed. The sentence will send a clear message that the use of firearms in

3

furtherance of crimes of violence will result in serious punishment. Specific deterrence is achieved through the lengthy term of incarceration ordered.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: November 28, 2011
Brooklyn, New York